IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MIGUEL ANGEL BARRENECHEA,<br><br>  Defendant.<br>_____/ | No. C- 92-0403 MMC<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S "MOTION UNDER 18 U.S.C. § 3742(e) FOR A REVIEW OF A SENTENCE"; DIRECTING CLERK TO TRANSFER DEFENDANT'S MOTION TO COURT OF APPEALS** |

Before the Court is defendant Miguel Angel Barrenechea's "Motion under 18 U.S.C. § 3742(e) for a Review of a Sentence," filed October 2, 2013. Having read and considered defendant's motion, the Court rules as follows.

On September 12, 2013, defendant initially submitted the above-referenced motion to the Court of Appeals for the Ninth Circuit, which, in turn, forwarded the matter to this Court for consideration, apparently recognizing that despite the title's reference to § 3472, the motion, in actuality, does not seek direct review of a judgment but, rather, collateral review. This Court next considers whether it has jurisdiction to consider such collateral challenge.

Defendant argues his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). In particular, defendant argues, his sentence was based on "increased factors not found by the jury." (See Mot at 13.) As defendant acknowledges in

1 the instant motion, he previously made the same argument in a motion filed June 26, 2001,
2 brought pursuant to 28 U.S.C. § 2255, in which he argued he was entitled to relief from his
3 sentence "because the questions of drug quantity and prior felony drug convictions were
4 never submitted to the jury." (See id. at second unnumbered page.)  By order filed July 22,
5 2002, the Honorable Thelton E. Henderson, to whom the matter was then assigned,
6 denied defendant's § 2255 motion, finding Apprendi is not applicable to cases on collateral
7 review.

In the instant motion, defendant relies on a recent decision of the United States Supreme Court, specifically, Alleyne v. United States, 133 S. Ct. 2151 (2013).  In Alleyne, the Supreme Court held "the principle applied in Apprendi applies with equal force to facts increasing the mandatory minimum."  See id. at 2160.  Although Alleyne considered the issue on direct review, defendant argues its holding is retroactive to cases on collateral review.  In sum, defendant argues the denial of relief under § 2255 should be reconsidered in light of a purported change in the law.

Where a motion seeking a writ of habeas corpus has been denied, any subsequently-filed motion in which the defendant argues he is entitled to relief from his sentence due to a "purported change in the substantive law" must be treated as a "successive habeas petition."  See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (interpreting federal habeas corpus statutes as applied to state prisoners); United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011) (applying holding in Gonzalez to federal prisoners).  In the absence of a certification by the Court of Appeals that such motion may be heard in district court, a district court lacks jurisdiction to consider a "second or successive" motion under § 2255.  See 28 U.S.C. § 2255(h).  Here, a review of the docket indicates the Ninth Circuit has not issued the requisite certification, and, consequently, this Court lacks jurisdiction to consider the instant motion.

Accordingly, for the reasons stated:  (1) defendant's motion for review (Doc. No. 2388) is hereby DENIED without prejudice to the Ninth Circuit's consideration of the matter, see id.; and (2) the Clerk of Court is hereby DIRECTED to transfer to the Ninth Circuit

Court of Appeals, for its consideration thereof, defendant's above-referenced motion for review, see 9th Cir. R. 22-3(a) (directing district court to refer "second or successive" § 2255 motions to court of appeals).

**IT IS SO ORDERED.**

Dated: October 30, 2013

_____
MAXINE M. CHESNEY
United States District Judge